UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT LEWIS,                                 :
                                              :
                Petitioner,  :      **MEMORANDUM**
v.                                            :      **OPINION AND ORDER**
                                              :
THE PEOPLE OF THE STATE OF NEW                :      20 CV 9777 (VB)
YORK,                                         :
                Respondent.  :
------------------------------------------------------------x

Briccetti, J.:

      Petitioner Robert Lewis, proceeding pro se and in forma pauperis, brings this petition for a writ of habeas corpus, pursuant to Article 70 of New York's Civil Practice Law and Rules, seeking immediate release from imprisonment due to the current COVID-19 pandemic.

      For the following reasons, the petition is DENIED.

      On February 26, 2008, in state court, petitioner pleaded guilty to murder in the second degree pursuant to N.Y. Penal Law § 125.25(1).  On June 3, 2008, petitioner was sentenced to an indeterminate term of imprisonment of 18 years to life.  Petitioner is currently serving his sentence at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York.

      On November 18, 2020, petitioner filed the instant petition in this Court.  Petitioner claims the conditions at Sing Sing during the COVID-19 pandemic violate his constitutional rights and requests—given his health conditions—that he be released immediately.

      As an initial matter, it is likely petitioner inadvertently filed this application in federal court instead of in New York State Supreme Court.[1]  Indeed, the petition is entitled "Petition for

---

[1]     To the extent petitioner intended to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), such provision is not applicable to petitioner because he is a state prisoner.  See Phelps v. Superintendent, Gouverneur Corr. Facility, 2020 WL 7711619, at *1 (S.D.N.Y Dec. 29, 2020) (noting Section 3582(c)(1)(a) is applicable only to federal prisoners).

a Writ of State Habeas Corpus," is captioned "Supreme Court, Westchester County," and is made pursuant to state procedural law. Nevertheless, because petitioner seeks immediate release from state custody, the Court construes the petition as one for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").[2]

Section 2254 provides federal habeas corpus relief for state prisoners. Generally, a petitioner must exhaust all available state-court remedies before seeking federal relief under Section 2254. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011). An exception to the exhaustion requirement is available when (i) "there is an absence of State corrective process," or (ii) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, petitioner does not allege—nor does the record demonstrate—that he has exhausted his remedies in state court. In addition, no exception to the exhaustion requirement applies as there is no absence of state corrective process and the circumstances of petitioner's case do not render the state's process ineffective. Indeed, many prisoners have successfully pursued the same relief petitioner seeks—release due to pandemic conditions—in New York State Supreme

---

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Court. See Elleby v. Smith, 2020 WL 4058957, at *1 (S.D.N.Y. July 20, 2020) (noting "justices of the New York State Supreme Court have heard—and granted—many petitions related to the impact of COVID-19 on conditions of confinement").

Accordingly, the petition must be dismissed without prejudice, so that petitioner may, if he wishes, pursue his appropriate remedies in state court.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated: February 5, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge